O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CANDY GARCIA, | ) | Case No. CV 14-09821 DDP (SSx) |
| Plaintiff, | ) ) | **ORDER GRANTING DEFENDANT WELLS** |
| v. | ) ) | **FARGO'S MOTION TO DISMISS FIRST** |
| WELLS FARGO BANK, N.A., CAL-WESTERN RECONVEYANCE, LLC, | ) ) ) | **AMENDED COMPLAINT** |
| Defendants. | ) ) | [Dkt. 13] |
| _____ | ) | |

Presently before the court is Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant")'s Motion to Dismiss First Amended Complaint. Having considered the submissions of the parties, the court grants the motion and adopts the following order.

**I.  Background**

In June 2006, Plaintiff Candy Garcia ("Garcia") and nonparty Santiago M. Garcia obtained a $442,500.00 mortgage loan from Wells Fargo's predecessor in interest. (First Amended Complaint ("FAC") ¶ 9; Wells Fargo's Request for Judicial Notice, Ex. A ("Note"); See, eq. Gholizadeh v. Wells Fargo Bank, No. 14-cv-7575 ODW, 2014 WL 6884004 at *1 n.1. (C.D. Cal. Dec. 3, 2014) (describing Wells

Fargo's relationship with predecessors). The Note was secured by a Deed of Trust to real property at 1216 Gillespie Way in Santa Barbara, California. (FAC, Ex. A at 2.) The Deed of Trust listed Plaintiff Garcia and nonparty Ramon R. Fabela as borrowers. (Id. at 1.)

In October 2012, a Notice of Default was recorded, indicating that the loan was almost $47,000 in arrears. (RJN Ex. H.) The Notice of Default listed Santiago Garcia's name and, with reference to the Deed of Trust, Plaintiff Garcia and Ramon R. Fabela's names. (Id.) A Notice of Trustee's sale was recorded in November, followed by a trustee's deed upon foreclosure sale in December 2014. (RJN Exs. I, J).

Just under three years later, in November 2014, Plaintiff Garcia filed the instant action in Santa Barbara County Superior Court, alleging thirteen causes of action against Defendants related to Plaintiff Garcia's efforts to obtain a loan modification and the eventual foreclosure. (Notice of Removal, Ex. A.) Plaintiff's First Amended Complaint alleges eight causes of action under California state law. Plaintiff Garcia seeks relief including the cancellation of all foreclosure instruments and notices, restitution, damages, and civil penalties. Wells Fargo now moves to the dismiss the FAC.

**II. Discussion**

Defendant argues that, as a threshold matter, the FAC must be dismissed for failure to join all necessary parties. (Motion at 2.) Under Federal Rule of Civil Procedure 19, a person must be joined if he or she has an interest relating to the subject of the action and resolution of the action would either (1) impair that

2

person's ability to protect the interest or (2) leave a named party at risk of incurring multiple or inconsistent obligations. Fed. R. Civ. P. 19(a)(1). If joinder of a necessary party is not feasible, a plaintiff must nevertheless allege the name of the party and the reasons for not joining that person. Fed. R. Civ. P. 19(c). A defendant may move to dismiss for failure to join a party under Rule 19. Fed. R. Civ. P. 12(b)(7).

Here, Plaintiff does not dispute that Santiago Garcia and/or Ramon Fabela are necessary parties. Nor does Plaintiff assert that or why it would not be feasible to join Mr. Garcia or Mr. Fabela. As other courts have found, resolution of one borrower's mortgage and foreclosure-related claims might well affect another borrower's ability to protect his or her interest. See, e.g. Patera v. Citibank, N.A., – F.Supp.3d –, 2015 WL 510891 at *5 (N.D. Cal. Feb. 5, 2015) (addressing effect of borrower's quiet title claim); Mottale v. Kimball Tirey & St. John, LLP, No. 13cv1160-GPC, 2013 WL 5570193 at *7 (S.D. Cal. Oct. 9, 20130) (same). In addition, and as more applicable here, resolution of one borrower's claims without joiner of other borrows places the defendant at risk of multiple or inconsistent judgments. See, e.g. Edwards v. Fed. Home Loan Mortgage Corp., No. C 12-4868 JSW, 2012 WL 5503532 at *3-4 (N.D. Cal. Nov. 13, 2012).

Instead, Plaintiff argues that the court cannot consider either her Note or the Deed of Trust. Plaintiff's arguments are not persuasive, and her objections are overruled. The Deed of Trust, which lists Mr. Fabela as a borrower, is attached as an exhibit to the FAC. It is well-established that documents attached as exhibits to a complaint are part of the complaint, and may be

3

considered on a motion to dismiss.  See <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987).  Plaintiff's Note, though not attached to the FAC, is integral to Plaintiff's claims, and is referred to in the FAC.  Plaintiff does not dispute the authenticity of the Note provided as Exhibit A to Wells Fargo' RJN.  Accordingly, the court may consider the Note.  See <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001); <u>Parrino v. FHP, Inc.</u>, 146 F.3d 699, 706 (9th Cir. 1996).

    Because Plaintiff's Note and Deed of Trust indicate that other, indispensable parties have not been joined, and Plaintiff has failed to comply with Rule 19, Plaintiff's claim is DISMISSED.[1]

**III. Conclusion**

    For the reasons stated above, Defendant's Motion to Dismiss is GRANTED, with leave to amend.  Any amended complaint shall be filed within fourteen days of the date of this Order.

IT IS SO ORDERED.

Dated: June 15, 2015

DEAN D. PREGERSON
United States District Judge

---

[1] The court does not, therefore, reach Wells Fargo's additional arguments.

4