1

2

3                                                              O

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11   CANDY GARCIA,                  )   Case No. CV 14-09821 DDP (SSx)
                                     )
12              Plaintiff,           )
                                     )   **ORDER GRANTING DEFENDANT'S MOTION**
13        v.                         )   **TO DISMISS IN PART AND DENYING IN**
                                     )   **PART**
14   WELLS FARGO BANK, N.A., CAL-    )
     WESTERN RECONVEYANCE, LLC,      )
15                                   )
                Defendants.          )
16   _____)   [Dkt. 23]

17

18       Presently before the court is Defendant Wells Fargo Bank N.A.

19   ("Wells Fargo"'s) Motion to Dismiss.  Having considered the

20   submissions of the parties, the court grants the motion in part,

21   denies the motion in part, and adopts the following Order.

     **I.   Background**

22       In June 2006, Plaintiff Candy Garcia ("Garcia") obtained a

23   $442,500.00 mortgage loan from Wells Fargo's predecessor in

24   interest.  (Second Amended Complaint ("SAC") ¶¶ 11-12.)  <u>See</u>

25   <u>Gholizadeh v. Wells Fargo Bank</u>, No. 14-cv-7575 ODW, 2014 WL 6884004

26   at *1 n.1. (C.D. Cal. Dec. 3, 2014) (describing Wells Fargo's

27   relationship with predecessors).  The loan was secured by a Deed of

28

1  Trust to real property at 1216 Gillespie Way in Santa Barbara,

2  California. (SAC, Ex. B.)

3      In February 2012, Plaintiff requested a loan modification.

4  (SAC ¶ 15.) Wells Fargo later claimed that Plaintiff's

5  modification application was incomplete, and required her to

6  resubmit certain information. (SAC ¶ 21.) In October 2012, while

7  Plaintiff's application was pending, Wells Fargo recorded a Notice

8  of Default. (SAC, Ex. C.) In February 2013, while Plaintiff's

9  application was still pending, a Notice of Trustee's Sale was

10  recorded. (SAC, Ex. D.) In March, Plaintiff was asked to resubmit

11  her modification application.[1] (SAC ¶ 29.)

12      Plaintiff's Second Amended Complaint alleges eight state law

13  causes of action, including five claims under California's

14  Homeowner Bill of Rights ("HBOR"), as well as claims for unfair

15  business practices, promissory estoppel, and negligence. Wells

16  Fargo now moves to the dismiss all claims.[2]

17  **II.  Legal Standard**

18      A complaint will survive a motion to dismiss when it contains

19  "sufficient factual matter, accepted as true, to state a claim to

20  relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S.

21  662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544,

22  570 (2007)). When considering a Rule 12(b)(6) motion, a court must

23  "accept as true all allegations of material fact and must construe

24

25      [1] Another Notice of Trustee's Sale was later recorded in

26  November 2014, with the sale taking place in December 2014.
(Defendant's Request for Judicial Notice, Exs. I, J.)

27      [2] Plaintiff's opposition does not dispute that her Seventh and

28  Eighth claims for promissory estoppel and unfair business practices
must be dismissed. Those claims are, therefore, DISMISSED.

those facts in the light most favorable to the plaintiff." <u>Resnick</u>
<u>v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint
need not include "detailed factual allegations," it must offer
"more than an unadorned, the-defendant-unlawfully-harmed-me
accusation." <u>Iqbal</u>, 556 U.S. at 678.  Conclusory allegations or
allegations that are no more than a statement of a legal conclusion
"are not entitled to the assumption of truth." <u>Id.</u> at 679.  In
other words, a pleading that merely offers "labels and
conclusions," a "formulaic recitation of the elements," or "naked
assertions" will not be sufficient to state a claim upon which
relief can be granted.  <u>Id.</u> at 678 (citations and internal
quotation marks omitted).

     "When there are well-pleaded factual allegations, a court
should assume their veracity and then determine whether they
plausibly give rise to an entitlement of relief." <u>Id.</u> at 679.
Plaintiffs must allege "plausible grounds to infer" that their
claims rise "above the speculative level." <u>Twombly</u>, 550 U.S. at
555. "Determining whether a complaint states a plausible claim for
relief" is a "context-specific task that requires the reviewing
court to draw on its judicial experience and common sense."  <u>Iqbal</u>,
556 U.S. at 679.

**III. Discussion**

     A.   HBOR Claims

     Plaintiff brings five HBOR causes of action under California
Civil Code Sections 2923.55, 2923.6, 2923.7, 2924.10, and 2924.17.
With the exception of the Section 2924.17 claim, however, these
claims are subject to California Civil Code Section 2924.15(a),
which limits the applicability of the statutes at issue "to first

1   lien mortgages . . . that are secured by owner-occupied residential

2   real property . . . .  For these purposes, 'owner-occupied' means

3   that the property is the principal residence of the borrower and is

4   security for a loan made for personal, family, or household

5   purposes."  Cal. Civil Code § 2924.15(a).

6        Although the SAC describes the Gillespie Way property as "an

7   owner-occupied, principal residence[,]" this allegation conflicts

8   with the exhibits to the SAC.[3]  First, the contact address

9   Plaintiff provided on the Deed of Trust is not the Gillespie Way

10  property.  (SAC, Ex. B at 9.)  Second, and more critically,

11  Plaintiff left blank the section of the Deed indicating and

12  confirming that the Gillespie Way property was her personal and

13  primary residence, that should would occupy the property, and that

14  she intended to live there.  (Id. at 14.)  Because the Gillespie

15  Way property was not "owner-occupied" for purposes of HBOR,

16  Plaintiff's First, Second, Third, and Fourth causes of action must

17  be dismissed.[4]

18        1.  Section 2924.17 Claim

19        Contrary to Defendant's Argument, California Civil Code §

20  2924.15(a) does not apply to Plaintiff's Fifth cause of action,

---

22  [3] As explained in this court's Order dismissing Plaintiff's
First Amended Complaint, and contrary to Plaintiff's arguments, the
23  court may consider the exhibits to the SAC at this stage.  It is
well-established that documents attached as exhibits to a complaint
24  are part of the complaint, and may be considered on a motion to
dismiss.  See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th
25  Cir. 2001); Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir.
1996); Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir.
26  1987).

27  [4] The body of Plaintiff's Fourth cause of action, as opposed
to the SAC's caption, references both California Civil Code Section
28  2923.6 and 2924.18.  Section 2924.15's owner-occupied requirement
applies to both provisions.  Cal. Civil Code § 2924.15(a).

4

1  brought under California Civil Code Section 2924.17.  That section

2  requires that certain declarations and recorded documents,

3  including notices of default or sale, "be accurate and complete and

4  supported by competent and reliable evidence."  Cal. Civil Code §

5  2924.17(a).

6       Neither the SAC nor Plaintiff's Opposition is particularly

7  clear about the basis for Plaintiff's Section 2924.17 claim.  The

8  SAC alleges, without explanation, that the 2012 Notice of Default

9  and the Notice of Trustee's sale, were "fraudulent and/or false."

10  The 2012 Notice of Default, however, was recorded prior to Section

11  2924.17's effective date of January 1, 2013.  Appearing to

12  acknowledge that fact, Plaintiff's Opposition emphasizes the Notice

13  of Sale, which was recorded in February 2013.  (Opp. at 11:22.)

14  The SAC's Fifth cause of action, however, provides no explanation

15  or elaboration of how the February 2013 Notice of Sale was

16  inaccurate, incomplete, or unsupported by competent evidence.  Nor

17  does Plaintiff's Opposition provide any clarification.  Although

18  Plaintiff contends that the recording of the Notice of Sale

19  violated "HBOR's dual tracking provision," such a violation would

20  concern California Civil Code Section 2923.6 or 2924.18.  Plaintiff

21  has not articulated how such an alleged violation of those

22  provisions also constituted a violation of Section 2924.17.[5]

23  Plaintiff's Fifth Cause of Action is, therefore, DISMISSED, with

24  leave to amend.  See Fed. R. Civ. P. 8.

25       B.   Negligence

26

27  _____

28       [5] As explained above, California Civil Code Section 2924.15
bars these dual-tracking claims under the circumstances here.

The elements of a negligence claim are: (1) the existence of a duty to exercise due care, (2) breach of that duty, (3) causation, and (4) damages.  Merrill v. Navegar, Inc., 26 Cal.4th 465, 500 (2001).  The "existence of a duty of care owed by a defendant to a plaintiff is a prerequisite to establishing a claim for negligence."  Nymark v. Heart Fed. Savings & Loan Assn., 231 Cal.App.3d 1089, 1095 (1991).  Wells Fargo contends that Plaintiff's negligence claim must fail because Wells Fargo does not owe Plaintiff a duty of care beyond its role as a lender.

Courts have generally held that, under California law, a lender does not owe a fiduciary duty to a borrower.  See, e.g., Walters v. Fidelity Mortg. of California, 730 F. Supp. 2d 1185, 1205 (E.D. Cal. 2010).  Some courts have applied that logic to circumstances where a loan servicer offers to modify a borrowers loan, reasoning that the servicer's "involvement in the loan transaction does not exceed the scope of its conventional role as a lender of money."  Deschaine v. IndyMac Mortg. Servs., 2014 U.S. Dist. LEXIS 8541, at *17 (E.D. Cal. Jan. 22, 2014) (internal quotation marks omitted); see also Nymark v. Heart Fed. Sav. & Loan Assn., 231 Cal. App. 3d 1089, 1096 (1991).  That rule, however, is not absolute.  California courts employ a six factor test to determine whether a financial institution owes a duty of care to a borrower, and look to "[1] the extent to which the transaction was intended to affect the plaintiff, [2] the foreseeability of harm to him, [3] the degree of certainty that the plaintiff suffered injury, [4] the closeness of the connection between the defendant's conduct and the injury suffered, [5] the moral blame attached to the defendant's conduct, and [6] the policy of preventing future

1  harm." <u>Nymark</u>, 231 Cal. App. 3d at 1098 (citing <u>Biakanja v.</u>
2  <u>Irving</u>, 49 Ca.2d 647 (1958)).

3       California courts are currently divided as to the question
4  whether lenders owe borrowers a duty of care in processing a loan
5  modification.  One court has held that lenders have a duty of care
6  to reasonably process a loan modification application where it is
7  foreseeable that failure to do so will result in significant harm
8  to the borrower.  <u>Alvarez v. BAC Home Loans Servicing, L.P.</u>, 228
9  Cal.App.4th 941, 948 (2014) (holding that lenders have a "duty to
10 use reasonable care in the processing of a loan modification")
11 However, other courts have concluded that lenders do not owe a duty
12 of care when considering a residential loan modification.  <u>Lueras</u>
13 <u>v. BAC Home Loans Servicing, LP</u>, 221 Cal. App. 4th 49, 68 (2013)
14 (holding that the defendant banks "did not have a common law duty
15 of care to offer, consider, or approve a loan modification, or to
16 offer [the plaintiff] alternatives to foreclosure.")  District
17 courts in California have also reached different conclusions
18 regarding this issue.  <u>See</u>, <u>e.g.</u>, <u>Griffin v. Green Tree Servicing,</u>
19 <u>LLC</u>, No. CV 14-09408 MMM, 2015 WL 10059081 at *14 (C.D. Cal. Oct.
20 1, 2015) (noting split and concluding no duty exists); <u>see also</u>
21 <u>Robinson v. Bank of Am.</u>, No. 12-CV-494-RMW, 2012 WL 1932842, at *7
22 (N.D. Cal. May 29, 2012); <u>Ansanelli v. JP Morgan Chase Bank, N.A.</u>,
23 No C 10-3892 WHA, 2011 WL 1134451, at *7 (N.D. Cal. Mar. 28, 2011);
24 <u>Watkinson v. MortgageIT, Inc.</u>, No. 10-CV-327-IEG, 2010 WL 2196083
25 (S.D. Cal. June 1, 2010); <u>Garcia v. Ocwen Loan Servicing, LLC</u>, No.
26 C 10-290 PVT, 2010 WL 1881098, at *1-3. (N.D. Cal. May 10, 2010).
27
28

1    At this stage of the proceedings, the balance of the

2 Nymark/Biakanja factors suggests that Wells Fargo did owe Plaintiff

3 a duty of care. A loan modification would clearly affect Plaintiff

4 and determine whether she would be able to keep the home. The

5 potential harm to Plaintiff, namely default and foreclosure, from

6 the failure to review Plaintiff's application was readily

7 foreseeable.  Plaintiff has undoubtedly been injured, as Wells

8 Fargo has proceeded with a trustee's sale.  There was a close

9 connection between Wells Fargo's conduct and the injury suffered.

10 The allegations of the SAC are not sufficiently detailed for the

11 court to make a determination as to the fifth, moral blame factor.

12 But see Alvarez, 228 Cal. App. 4th at 949 ("The borrower's lack of

13 bargaining power coupled with conflicts of interest that exist in

14 the modern loan servicing industry provide a moral imperative that

15 those with the controlling hand be required to exercise reasonable

16 care in their dealings with borrowers seeking a loan

17 modification.")  Finally, discouraging lenders from "dual

18 tracking," or encouraging borrowers to seek loan modifications

19 while simultaneously ignoring modification applications and

20 initiating foreclosure proceedings, is consistent with both federal

21 and state policies.  See, e.g., Cal. Civ. Code §§ 2923.6, 2924.18.

22 Thus, the balance of the Nymark/Biakanja factors weighs in favor of

23 a duty of care in the processing of a loan modification

24 application.  Defendant's motion is therefore denied with respect

25 to Plaintiff's Sixth cause of action.

26 **IV.  Conclusion**

27    For the reasons stated above, Defendant's Motion is GRANTED in

28 part and DENIED in part.  The motion is denied with respect to the

8

Sixth cause of action for negligence.  Plaintiff's First, Second,
Third, Fourth, Seventh, and Eighth cause of action are DISMISSED,
with prejudice.  Plaintiff's Fifth cause of action is DISMISSED,
with leave to amend.  Any amended complaint shall be filed within
ten days of the date of this Order.  Failure to timely file an
amended complaint shall result in a dismissal of the entire action,
with prejudice.




IT IS SO ORDERED.



Dated: April 11, 2016

                                 DEAN D. PREGERSON
                                 United States District Judge